**Sal ALGIERI, Appellant**

v.

**Judge Thomas VANASKIE.**

**No. 06–4238.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 March 15, 2007.

Filed: March 21, 2007.

Sal Algieri, Peckville, PA, pro se.

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Sal Algieri, a resident of Peckville, Pennsylvania, appeals from the district court's order, entered on September 19, 2006, dismissing his complaint with prejudice as legally and factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will likewise dismiss Algieri's appeal.[1] *See id.*

A specific account of the facts underlying Algieri's allegations—to the extent such facts can be divined from his complaint—is unnecessary. Put simply, Algi-

---

1. This court has jurisdiction over this appeal under 28 U.S.C. § 1291.

eri alleged impropriety on the part of Judge Thomas Vanaskie in connection with an alleged visit paid to Algieri's home by two U.S. Marshals. Our review shows that it is beyond question that Algieri's claims "rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir.2003) (citing *Neitzke v. Williams,* 490 U.S. 319, 327–28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Thus, the district court's order dismissing the complaint was plainly correct. We also note, as evidenced by a cadre of exhibits attached to Algieri's complaint, that the complaint under review is just one in a series of similar ad hominem attacks directed at judges who fail to rule in Algieri's favor in various cases in which he is, or has been, involved. We will not facilitate the continuation of such conduct in this court. Given the above discussion, we agree with the district court that there was no need to provide Algieri an opportunity to further amend his complaint because any amendment would have ultimately proven futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002) (noting that amendment "must be permitted ... unless it would be inequitable or futile").

Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).